UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAZEL MATERA,

    Plaintiff,

v.

ANDREW D. MISICKO, et al.,

    Defendants.

Civil Action No. 20-10380 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Andrew D. Misicko's ("Misicko" or "Defendant") Motion to Dismiss. (ECF No. 9.) Plaintiff Hazel Matera ("Plaintiff") opposed Defendant's Motion (ECF No. 11), and Defendant filed a reply (ECF No. 12).

This matter arises out of two motor vehicle accidents. The first accident occurred in Cumberland County, Pennsylvania, on or about August 15, 2018. (Compl. ¶ 17, ECF No. 1.) In the first accident, Plaintiff was a passenger in a vehicle rear-ended by Misicko's vehicle. (*Id.* ¶¶ 18-19.) The second accident occurred on the New Jersey Turnpike near New Brunswick, New Jersey, on January 10, 2019. (*Id.* ¶ 9.) With respect to the second accident, Plaintiff alleges that the driver, Robert C. Leatherwood ("Leatherwood"), negligently and carelessly operated his motor vehicle, which caused a collision. (*Id.* ¶ 10.) Plaintiff brought the within action against Misicko and Leatherwood, alleging injuries from both accidents. (*Id.* ¶¶ 11-13, 19-21.) Misicko, a resident of Pennsylvania, moves to dismiss, arguing that Plaintiff has not established that Misicko has sufficient contacts with New Jersey, the forum state. (Def.'s Moving Br. *7,[1] ECF No. 9.)

---

[1] Because Defendant's brief did not contain page numbers, the Court references the page numbers on the ECF headers.

Once a defendant has moved to dismiss an action pursuant to Rule 12(b)(2), "the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (alteration in original) (internal quotation marks and citation omitted). This "inherently ... requires a resolution of factual issues outside the pleadings [such as] whether *in personam* jurisdiction actually lies." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). "A plaintiff can meet the burden of proof and present a *prima facie* case for the [C]ourt's exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) (internal quotation marks omitted).

Here, Plaintiff has failed to meet her burden of establishing competent evidence that jurisdiction is proper in New Jersey against Misicko. The car accident involving Plaintiff and Misicko occurred in Pennsylvania. (Compl. ¶¶ 16–17.) Misicko also resides in Shermans Dale, Pennsylvania, where he has lived both prior to and subsequent to the date of the accident. (Def.'s Moving Br. *4.) Significantly, Plaintiff has not provided any evidence that Defendant has sufficient minimum contacts with the State of New Jersey to establish personal jurisdiction. (*See generally* Pl.'s Opp'n Br., ECF No. 11-10.) The requirement that personal jurisdiction "be met as to each defendant over whom a state court exercises jurisdiction" is therefore not satisfied here. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Having found that the Court lacks personal jurisdiction over Misicko, the Court now considers whether transfer is appropriate. Whenever a civil action is filed in a court that lacks jurisdiction, "the [C]ourt shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C.

2

§ 1631; *see also Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting that § 1631 permits transfer where the court lacks personal jurisdiction). A decision to transfer under § 1631 is largely discretionary and may be taken sua sponte by the Court. *Lozinski v. Black Bear Lodge, LLC*, No. 16-7963, 2017 WL 1380416, at *4 (D.N.J. Apr. 10, 2017); *See also Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016) (finding that 28 U.S.C. § 1631 is the preferred statute that "governs transfer when there is 'a want of jurisdiction'").[2] This Court finds that it is in the interest of justice to sever the action against Misicko and to transfer the matter to a proper venue. The matter will be transferred to the United States District Court, Middle District of Pennsylvania. This venue is appropriate as the location of the accident and the Defendant's current residence are both located within its jurisdiction.

Accordingly,

**IT IS** on this 30th day of June, 2021, **ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 9) is **DENIED**.

2. Plaintiff's alternative request to transfer (ECF No. 11) is **GRANTED**.

3. The Clerk of the Court shall sever and transfer the matter with respect to Misicko to the Middle District of Pennsylvania.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court would reach the same conclusion pursuant to 28 U.S.C. § 1406(a).